FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 21 2018

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| Deanna Melcher, | : |
| Plaintiff, | : Civil Action No.: 4:18cv145-JLH |
| v. | : |
| Credit Acceptance Corporation, | : COMPLAINT AND DEMAND FOR : JURY TRIAL |
| Defendants. | : |

This case assigned to District Judge Holmes
and to Magistrate Judge Deere

## COMPLAINT

For this Complaint, the Plaintiff, Deanna Melcher, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. The Plaintiff, Deanna Melcher ("Plaintiff"), is an adult individual residing in Carlisle, Arkansas, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Credit Acceptance Corporation ("CAC"), is a Michigan business entity with an address of 25505 West Twelve Mile Road, Suite 3000 Southfield, Michigan 48034-8339, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual agents employed by Credit and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. Credit at all times acted by and through one or more of the Agents.

## FACTS

7. Within the last year, CAC started calling Plaintiff's cellular telephone, number 870-xxx-0227, using an automated telephone dialer system ("ATDS") and an artificial or prerecorded voice.

8. When Plaintiff answered CAC's calls, she heard a prerecorded message instructing Plaintiff to call back.

9. On or about March 12, 2017, Plaintiff mailed CAC letter that identified herself and asked CAC to "DO NOT CALL ME AGAIN."

10. Moreover, during a live conversation on or about March 15, 2017, Plaintiff again asked CAC to cease calling her cellular telephone.

11. Nonetheless, CAC thereafter placed approximately fifty-five (55) subsequent telephone calls to Plaintiff's cellular telephone.

12. CAC's calls directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff a significant amount of anxiety, frustration and annoyance.

## COUNT VI
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

13. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. At all times mentioned herein and within the last year, Defendant called Plaintiff on her cellular telephone using an ATDS and with a prerecorded or artificial voice.

15. Defendant continued to place automated calls to Plaintiff's cellular telephone after being directed by Plaintiff to cease calling and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

16. The telephone number called by Defendant was assigned to a cellular telephone serviced by AT&T for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

18. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

20. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 15, 2018

Respectfully submitted,

By: _____

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff